UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EZEKIEL FERNANDEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6146** |
| **CHUBB EUROPEAN GROUP SE** | **SECTION L (5)** |

## ORDER & REASONS

Before the Court is Defendant's Motion to dismiss. R. Doc. 19. Plaintiff, who is currently *pro se*, has not responded. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

### I.  BACKGROUND

This case arises from alleged property damage caused by Hurricane Ida. R. Doc. 2-1 at 6. *Id.* Plaintiff Ezekiel Fernandez alleges that at all relevant times he owned property located at 2337 Minnesota Ave, Metairie, Louisiana, 70003 ("the Property"). *Id.* He maintains that Defendant Chubb European Group SE provided an insurance Policy which covered the Property for loss and damage. *Id.* Plaintiff maintains that Defendant failed to properly adjust and timely pay amounts due under the Policy. *Id.* at 7. Plaintiff brings two causes of action: (1) breach of insurance policy; and (2) bad faith under La. R.S. 22:1892 and La. R.S. 22:1973. *Id.* Plaintiffs originally filed their petition in state court, but the case was removed to this Court pursuant to diversity jurisdiction. R. Doc. 2.

### II.  PRESENT MOTION

Defendant moves to dismiss the case on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  R. Doc. 19. It explains that after the case was removed to this Court on October 13, 2023, the case lingered in the Streamlined Settlement Program for over a year. R. Doc. 19-1 at 1-4. During this time, Defendant repeatedly requested that Plaintiff, who was originally represented by

counsel, produce initial disclosures and documents such as the Policy in question. *Id.* However, Plaintiff never produced the documents. *Id.* Finally, after more than a year, Plaintiffs' counsel moved to withdraw on December 2, 2024. R. Doc. 9. Plaintiff's counsel cited the fact that Plaintiff had failed to comply with their repeated requests to produce documents underlying the claim, such as the Policy. *Id.*

Defendant represents that it thereafter waited to see if new counsel would enroll. R. Doc. 19-1 at 6. No one enrolled, and Defendant began examining the case further. It explains that "[u]pon further investigation, counsel for Chubb discovered that the Property is not owned by Plaintiff and was not owned by Plaintiff on the date of loss." *Id.* It avers that is discovered that on July 24, 2021—one month *before* Hurricane Ida struck—Plaintiff filed in the Mortgage Records for Jefferson Parish a Quit Claim Deed selling the Property to "Elias Pineda-Chacon and Carla Maria Gruz-Godoy," for $30,000. *Id.* Defendant attaches a copy of the Quit Claim Deed into the record. R. Doc. 17-12. Accordingly, Defendant argues that "because Plaintiff sold the Property over month before the date of loss, Plaintiff no longer had any insurable interest in the Property under the Policy" mandating dismissal of his claim. *Id.* at 8. Moreover, Defendant maintains that it has tried to reach Plaintiff by telephone but has only been able to leave messages with a person who identified themselves only as Plaintiff's partner. R. Doc. 17-1 at 8. Plaintiff has not responded, filed anything, or otherwise appeared since his Counsel moved to withdraw more than four months ago.

### III. LAW & ANALYSIS

The Court will dismiss the case. Federal Rule of Civil Procedure 41(b) allows district courts to dismiss an action upon the motion of a defendant or its own motion, for failure to prosecute. *Morris v. Ocean Systems*, 730 F.2d 248, 251 (5th Cir. 1984); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982). This authority is based on the power of district courts "to manage their own affairs so as to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370

U.S. 626, 630-31 (1962). Here, the suit has lingered for approximately a year and a half without any meaningful progress. After Plaintiff's counsel withdrew based on his failure to communicate, Plaintiff has not enrolled new counsel or otherwise attempted to litigate *pro se*. He has not answered Defendant's calls and did not participate in a telephone status conference before this Court on April 16, 2025. R. Doc. 17-1 at 8; R. Doc. 18. Accordingly, the Court will dismiss the suit for failure to prosecute.

Defendant also moves to dismiss the suit on the merits with prejudice pursuant to Federal Rule of Civil Procedure 12(c). It avers that Plaintiff cannot recover because he did not actually own the property at the time of the loss. It points to a Quit Claim deed, attached to its motion, which reflects that Plaintiff sold the Property underlying the instant insurance suit one month before the date of the alleged loss. R. Doc. 17-12.

This evidence is facially persuasive. However, "the standard for deciding a Rule 12(c) motion is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." C&C *Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). Here, the Quit Claim deed upon which Defendant relies is external to Plaintiff's petition. Although the Court could convert Defendant's 12(c) motion into one for summary judgment so that it could consider this evidence, such an endeavor would require that the Court delay dismissal to afford Plaintiff adequate notice. *See Ace Am. Ins. Co. v. Huntsman Corp.*, 255 F.R.D. 179, 188 (S.D. Tex. 2008) ("If the court accepts matters outside the pleading and converts the motion to dismiss into one for summary judgment, the court is to give the parties notice of the changed status of the motion and a reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."). The Court finds that prolonging the suit on this basis, when it is already subject to dismissal for failure to prosecute, is not necessary.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 19, is **GRANTED**. The suit is dismissed without prejudice.

New Orleans, Louisiana on this 24th day of April, 2025.

Eldon E. Fallon
U.S. District Court Judge